# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:21-cv-03351-RGK-AFM | Date | June 23, 2021 |
|---|---|---|---|
| Title | *Rodriguez v. Caliber Holdings Corporation et al.* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Sharon L. Williams (not present) | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS) Order Re: Plaintiff's Motion to Remand [DE 11]

## I. INTRODUCTION

On March 15, 2021 Plaintiffs Lupe Rodriguez and Arthur Bebekyan ("Plaintiffs") filed a class action Complaint in state court against Defendants Caliber Holdings Corporation ("Caliber") and Caliber Bodyworks, Inc. ("CB") (collectively, "Defendants"). Plaintiffs' claims arise from alleged wage and hour violations committed by Defendants during the course of their employment. Plaintiffs seek to represent themselves and all others similarly situated through this class action. Plaintiffs assert the following claims under the California Labor Code: (1) Failure to Authorize or Permit Meal Periods, (2) Failure to Authorize or Permit Rest Periods, (3) Failure to Timely Pay Earned Wages During Employment, (4) Failure to Provide Complete and Accurate Wage Statements, (5) Failure to Timely Pay All Earned Wages and Final Paychecks Due at Time of Separation of Employment. Plaintiffs also assert a sixth claim for Unfair Business Practices in Violation of Business and Professions Code § 17200 *et seq*.

On April 19, 2021, Defendants removed this action to federal court on the basis of subject matter jurisdiction under the Class Action Fairness Act ("CAFA"). On May 7, 2021 Plaintiff filed the instant Motion to Remand. For the following reasons, the Court **GRANTS** Plaintiffs' Motion.

## II. FACTUAL BACKGROUND

Plaintiff Rodriguez is an hourly, non-exempt employee who has been employed by Defendants since 2016. (Compl. ¶ 4, ECF No. 1-1.) Defendants employed Plaintiff Bebekyan from March 2020 until October 6, 2020. (*Id*. ¶ 5.) Plaintiffs allege that Defendants "employed policies, practices, and/or procedures" resulting in their failure to authorize or permit required meal and rest periods and failure to timely pay the corresponding meal and rest period premium wages. (*Id*. ¶¶ 17, 23, 27.) Plaintiffs further allege that Defendants, through their "policies, practices, and/or procedures" failed to provide accurate wage statements and failed to timely pay final wages. (*Id*. ¶¶ 31, 33.) As a result, Plaintiffs claim they

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-03351-RGK-AFM | Date | June 23, 2021 |
|---|---|---|---|
| Title | *Rodriguez v. Caliber Holdings Corporation et al.* | | |

were not provided with all legally required meal and rest periods, premium wages, accurate wage statements, and timely final wages.

Plaintiffs seek to represent themselves and a class of all current and former hourly non-exempt employees of Defendants within California who did not receive all required meal and rest breaks or who were not timely paid earned wages at any time from four years prior to the filing of the Complaint up until notice of the class is given. (*Id.* ¶ 34.) Plaintiffs also seek to represent all current and former hourly non-exempt employees of Defendants in California who received an inaccurate or incomplete wage statement at any time from one year prior to the filing of the Complaint up until notice of the class is given, and those who did not receive payment of all unpaid wages upon separation of employment at any time from three years prior to the filing of the Complaint through the date notice of the class is given. (*Id.*)

### III.   JUDICIAL STANDARD

28 U.S.C. § 1441(a) authorizes defendants to remove a case to federal court when the federal court would have had original jurisdiction over the case. However, courts "strictly construe the removal statute against removal jurisdiction" and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992). The defendant always bears the burden of establishing that removal is proper. *Id.*

The enactment of CAFA does not alter this rule. *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1021 (9th Cir. 2007) ("[When enacting CAFA] Congress intended to maintain the historical rule that it is the proponent's burden to establish a prima facie case of removal jurisdiction."). Although a presumption against federal jurisdiction exists in run-of-the-mill diversity cases, "no antiremoval presumption attends cases invoking CAFA." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). Under CAFA, district courts are vested with original jurisdiction over putative class actions where (1) the amount in controversy exceeds $5 million (2) the class members number at least 100, and (3) at least one plaintiff is diverse from any one defendant. 28 U.S.C. §1332(d)(2).

The defendant removing the case to federal court bears the burden of establishing the jurisdictional facts, namely the amount in controversy and complete diversity of the parties. *Abrego Abrego v. Dow Chemical Co.*, 443 F.3d 676, 682-83 (9th Cir. 2006). Where a plaintiff contests a jurisdictional fact, the defendant must establish that fact by a preponderance of the evidence. *Gaus*, 980 F.2d at 566-67 (quoting *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)).

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-03351-RGK-AFM | Date | June 23, 2021 |
|---|---|---|---|
| Title | *Rodriguez v. Caliber Holdings Corporation et al.* | | |

## IV.  DISCUSSION

Plaintiffs seek remand of this action on the ground that the requisite amount in controversy has not been met, and CAFA's Local Controversy Exception applies. This Court agrees that the amount in controversy has not been established by a preponderance of the evidence. Therefore, remand is proper.

### A.  Amount in Controversy

CAFA gives federal courts jurisdiction over certain class actions if the class has more than 100 members, the parties are minimally diverse, and the amount in controversy exceeds $5 million. *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 84-85 (2014). A defendant's notice of removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold," however, when the plaintiff or the court questions such allegations, evidence establishing the amount is required. *Id*. at 89. Where the assertion is challenged, both sides are to submit proof of the amount in controversy, and the court decides by a preponderance of the evidence whether the amount has been satisfied. *Id*. at 88.

Although Plaintiffs allege six claims, Defendants contend that Plaintiffs' claim for waiting time penalties, alone, meets the required $5 million jurisdictional threshold.

Based on the nature of the claim, waiting time penalties accrue only to those employees who (1) were not paid wages earned, and (2) have separated from their employer. Cal. Lab. Code § 203. Here, Plaintiffs' Waiting Time Penalty class is premised upon former employees who suffered unpaid meal and rest violations. (Compl. ¶ 33.) Using this premise, Defendants assume that the number of Waiting Time Penalty class members is equal to 100% of the employees who separated from the company during the relevant statutory period. Defendants defend their assumption based on the allegation that Defendants have a "policy and practice" of violating meal and rest break provisions. (Compl. ¶¶ 17, 18, 23, 24.) Based on this allegation, Defendants reason that every single employee whose employment was terminated during the statutory period missed at least one meal and one rest break per week during their employment. As such, every employee whose employment terminated within the statutory period qualifies as a member of the Waiting Time Class.[1] Using this rationale, Defendants assert that

---

[1] The Waiting Time Class seeks to represent all "current and former hourly non-exempt employees employed by Defendants in California at any time from three (3) years prior to the filing of the initial Complaint . . . who did not receive payment of all unpaid wages upon separation of employment within the statutory time period." (Compl. ¶ 34.) Defendants state in their Notice of Removal that they believe, based on available data, that at least 4,010 former employees met the criteria for the putative Waiting Time Class. (Notice of Removal ¶ 22.) Caliber's Senior Manager, Compliance later confirmed that

JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-03351-RGK-AFM | Date | June 23, 2021 |
|---|---|---|---|
| Title | *Rodriguez v. Caliber Holdings Corporation et al.* | | |

approximately 4,010 individuals compose the Waiting Time Penalty class. Defendants then apply the statutory penalty amount to the 4,010 individuals and conclude that the $5,000,000 jurisdictional minimum is easily satisfied.

Both parties have taken positions not grounded in current law. Plaintiffs have erroneously rested their claim for waiting time penalties on unpaid meal and rest break premium payments. In turn, Defendants have used Plaintiffs' error as a starting point to estimate the amount in controversy for the waiting time penalty claim, rendering Defendants' calculation just as erroneous.

In *Naranjo v. Spectrum Sec. Serv., Inc.*, the court held that missed meal and rest break actions do not entitle employees to pursue derivative penalties, such as waiting time penalties, because premium wages are properly considered a "remedy for an employer's conduct, not an amount 'earned' for 'labor, work, or service . . . performed personally by the [employee].'" *Naranjo v. Spectrum Sec. Serv., Inc.*, 253 Cal.Rptr.3d 248, 270-71 (Cal. Ct. App. 2019) (review granted). A claim for waiting time penalties must be premised on a claim for unpaid wages, not other unpaid penalty payments. The rationale for this interpretation is that Cal. Lab. Code § 226.7 (encompassing meal and rest break provisions) is intended to protect the health of employees, such that a violation of this code section is not a matter of an employer's failure to pay wages, but a failure "to ensure the employee's health and wellbeing through reasonable working conditions." *Naranjo*, 253 Cal.Rptr.3d at 267 (quoting *Jones v. Spherion Staffing LLC*, No. LA CV11-06462 JAK (JCx), 2012 WL 3264081, at *8-9 (C.D. Cal. Aug. 7, 2012)). The premium payment for a missed meal or rest break would apply even if the employee were paid for their missed break because the intent of this penalty is to deter such behavior from employers, not simply to reimburse the employee. *Id.* at 266-67. Accordingly, an employee cannot base a claim for waiting time penalties on missed premium payments alone, as waiting time penalties pertain to earned and unpaid wages, and not to unpaid penalty payments.

Because Defendants' calculation of the amount in controversy is based solely on Plaintiffs' claim for waiting time penalties, and that claim improperly rests on claims of missed meal and rest breaks and associated premium payments, Defendants have not satisfied their burden of showing the amount in controversy necessary to sustain this action in federal court. Therefore, the action must be remanded to the Los Angeles Superior Court.

---

approximately 4,205 individuals met these criteria and also had their employment terminate more than thirty days before the filing of Plaintiffs' Complaint (thereby making them eligible for the maximum amount of Waiting Time Penalties). (Deal. Decl. ¶ 7, ECF No. 19-1.)

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-03351-RGK-AFM | Date | June 23, 2021 |
|---|---|---|---|
| Title | *Rodriguez v. Caliber Holdings Corporation et al.* | | |

### B. Local Controversy Exception to CAFA

Plaintiffs assert that the Local Controversy Exception to CAFA applies in this case. In light of the Court's findings as to the amount in controversy, the Court need not address the Local Controversy Exception.

### C. Attorneys' Fees

Attorneys' fees may be appropriate when a motion to remand is granted "only where the removing party lacked an objectively reasonable basis for seeking removal." *Otay Land Co. v. United Enters.*, 672 F.3d 1152, 1157 (9th Cir. 2012) (citing *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005)). This Court finds Defendants had an objectively reasonable basis for removing this case to the District Court based on CAFA jurisdiction, as they may have been able to prove jurisdiction using only Plaintiffs' underlying meal and rest break claims to determine the amount in controversy. Accordingly, Plaintiffs' request for attorneys' fees is denied.

## V. CONCLUSION

Based on the foregoing, the Court **GRANTS** Plaintiffs' Motion to Remand and **DENIES** Plaintiffs' Request for Attorneys' Fees.

**IT IS SO ORDERED.**

_____ : _____

Initials of Preparer _____